FILED '09 FEB 27 12:40 USDC-ORE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>              Plaintiff,<br><br>      v.<br><br>QWEST CORPORATION,<br><br>              Defendant. | No. CIV 05-1521-HO<br><br>CONSENT DECREE AND ORDER OF DISMISSAL |

## I.  INTRODUCTION

1.  This action originated with a discrimination charge filed by Gabriel Parra, Tracy J. Hebert and Tony Rodriguez, Jr. (collectively, the "Charges") with the U.S. Equal Employment Opportunity Commission ("EEOC") during the period September 29, 2004-October 4, 2004. Parra and Rodriguez alleged in their charges, *inter alia,* that Defendant Qwest subjected them to disparate discipline/ termination based on their national origin (Mexican), while Hebert alleged disparate discipline/termination based on his association with Parra and Rodriguez in violation of § 703 of Title VII, 42 U.S.C. § 2000e-2(a) ("Title VII").

2.  The EEOC sent Qwest Letters of Determination dated May 19, 2005, that contained a finding of reasonable cause that Qwest violated Title VII when it terminated Parra, Hebert and Rodriguez, Jr. in July 2004.

3.  The EEOC filed this lawsuit on September 29, 2005, in the United States District Court for the District of Oregon alleging that Parra and Rodriguez, Jr. were subjected to

CONSENT DECREE - 1
13141-2060/LEGAL15220854.1
13141-2060/LEGAL15299862.1

discriminatory discipline and terminated in July 2004 based on their Mexican national origin, and also that Hebert was subjected to discriminatory discipline and terminated in July 2004 based on his association with Parra and Rodriguez, Jr.

4. Qwest denied each of the allegations made by the EEOC. The parties then engaged in a substantial exchange of information, including exchanging documents relating to the claims and conducting numerous witness depositions. After completing this substantial exchange of information and discovery, Qwest moved for summary dismissal of all claims asserted by the EEOC on the grounds that EEOC's claims lacked merit as a matter of law. On or about May 22, 2008, the United States District Court for the District of Oregon granted Qwest's motion for summary dismissal and dismissed all claims asserted by the EEOC on behalf of Gabriel Parra, Tracy J. Hebert and Tony Rodriguez, Jr.

5. The EEOC and Qwest want to conclude fully and finally all claims arising out of the EEOC's complaint, and enter into this Consent Decree and Order of Dismissal (referred to hereafter as "Consent Decree") to further the objectives of equal employment as set forth in Title VII.

NOW, THEREFORE, in consideration of the mutual promises of each party to this Consent Decree, the EEOC and Qwest agree, and the Court, finding the mutual promises contained herein to be appropriate, hereby ORDERS, ADJUDGES and DECREES, as follows:

## II. NONADMISSION OF LIABILITY AND NONDETERMINATION BY THE COURT

6. This Consent Decree is not an adjudication or finding on the merits of this case and shall not be construed as an admission by Qwest of a violation of Title VII. Indeed, Qwest expressly denies that it engaged in any unlawful employment practices against Gabriel Parra, Tracy J. Hebert and Tony Rodriguez, Jr.

CONSENT DECREE - 2
13141-2060/LEGAL15220854.1
13141-2060/LEGAL15299862.1

### III. JURISDICTION AND VENUE

7. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

### IV. SETTLEMENT SCOPE

8. This Consent Decree is the final and complete resolution of all Title VII allegations of unlawful employment practices contained in the EEOC's complaint filed on behalf of Parra, Hebert and Rodriguez, Jr. including all claims by the parties for attorney fees and costs. The scope of this Consent Decree will be limited to Qwest's Auction Way garage in Eugene, Oregon facility. This Consent Decree resolves all issues and claims arising out of or related to the EEOC's complaint, and is binding and final as to all such issues and claims. The EEOC waives further litigation on all issues raised in the Charges and in the EEOC's complaint.

### V. RESOLUTION OF PRIVATE PLAINTIFFS' CLAIMS

9. Parra, Hebert and Rodriguez, Jr. intervened in the EEOC's lawsuit, brought other claims under federal and state law, and have reached a private, confidential settlement with Qwest to their satisfaction.

10. The EEOC, including its employees, is prohibited by United States Magistrate Judge Coffin's December 9, 2008 Order from disclosing any information about the terms or conditions of the private, confidential settlement between Parra, Hebert, and Rodriguez, Jr. and Qwest.

### VI. AFFIRMATIVE AND OTHER RELIEF

A. Training

11. Within ninety (90) days of the execution of this Agreement, Qwest will present to all current managers and supervisors at its Auction Way Garage in Eugene, Oregon, and the Labor Relations staff person who provides advice and support to such managers and supervisors at the Auction Way Garage, one (1) hour of training on race and national origin discrimination and retaliation for engaging in protected EEO activity by a qualified trainer on discrimination. The training will include information regarding the duty of Qwest's managers and supervisors in the Auction Way Garage in Eugene, Oregon to ensure compliance with Qwest's EEO policies, and their duty to address and report any incident or complaint of discrimination, or retaliation, of which they become aware. The training will also inform Qwest's managers and supervisors at the Auction Way Garage in Eugene, Oregon that there will be no retaliation against any employee for reporting or relaying any incident of discrimination or retaliation under Qwest's EEO policy, or for participating in or conducting an investigation of such an incident.

The EEOC will have an opportunity to review the training materials prior to the training date.

B. Reporting

12. Within thirty (30) days of the completion of the training referenced above, Qwest shall report in writing to the EEOC that the training required by this Agreement has been completed.

C. Posting

13. Qwest will post a Notice, attached as Exhibit 1 to this Consent Decree. The Notice shall be posted on a centrally located bulletin board at Qwest's Auction Way Garage in Eugene, Oregon until the training described in Paragraph 11 of this Consent Decree has been completed.

## VII. ENFORCEMENT

14. A party may immediately petition for enforcement of this Consent Decree as set forth in Paragraph 15 below.

15. Should Qwest and the EEOC not be able to resolve any alleged breach of this Consent Decree, the parties agree that the dispute will be referred to United States Magistrate Judge Coffin, who will be empowered with the full range of judicial remedies to enforce this Consent Decree, including ordering preliminary and permanent injunctive relief, awarding the payment of fees and costs, imposing contempt sanctions, and extending the duration of this Consent Decree. The parties hereby voluntarily consent to have United States Magistrate Judge Coffin conduct any and all necessary proceedings to resolve any alleged breach of this Consent Decree in the case, including trial and entry of final judgment, with direct review by the Ninth Circuit Court of Appeals if an appeal is filed.

## VIII. DURATION AND TERMINATION

16. This Consent Decree shall be in effect for six (6) months.

Dated this 26th day of February 2009.


WILLIAM TAMAYO
Regional Attorney
San Francisco District
350 The Embarcadero, Suite 500
San Francisco, California 94105-1260

JAMES L. LEE
Deputy General Counsel

GWENDOLYN Y. REAMS
Associate General Counsel

JOHN F. STANLEY
Supervisory Trial Attorney

DAMIEN A. LEE
Senior Trial Attorney

CONSENT DECREE - 5
13141-2060/LEGAL15220854.1
13141-2060/LEGAL15299862.1

MOLLY KUCUK
Trial Attorney


BY: *s/ William Tamayo*
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

Seattle Field Office
909 First Avenue, Suite 400
Seattle, Washington 98104
Damien.Lee@EEOC.gov
Telephone (206) 220-6915

Office of the General Counsel
131 M Street NE
Washington, D.C. 20507

Attorneys for Plaintiff EEOC


BY: *s/ David P.R. Symes*
David P.R. Symes
DSymes@perkinscoie.com
PERKINS COIE
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209
Telephone (503) 727-2000
Facsimile (503) 727-2222

Attorneys for Defendant

CONSENT DECREE - 6
13141-2060/LEGAL15220854.1
13141-2060/LEGAL15299862.1

## ORDER APPROVING CONSENT DECREE

The Court having considered the foregoing Consent Decree, IT IS HEREBY ORDERED THAT the foregoing Consent Decree be, and the same hereby is, approved as the final Order of this Court in full settlement of this action. Subject to the provisions in Paragraphs 14-15, this lawsuit is hereby dismissed with prejudice and without costs or attorneys' fees to any party.

DATED this __27th__ day of __Feb.__, 2009.

_____
MICHAEL R. HOGAN
United States District Judge

CONSENT DECREE - 7
13141-2060/LEGAL15220854.1
13141-2060/LEGAL15299862.1

# QWEST CORPORATION

## NOTICE TO ALL QWEST EMPLOYEES

This notice is posted pursuant to a Consent Decree reached between the EEOC and Qwest Corporation in CV 05-1521-HO.

In that case, the EEOC claimed that Qwest engaged in unlawful discrimination against Gabriel Parra, Tracy J. Hebert and Tony Rodriguez, Jr. After full litigation of the EEOC's claims, the United States District Court for the District of Oregon granted summary judgment to Qwest and dismissed, with prejudice, all of the claims asserted by the EEOC.

Federal law prohibits an employer from discriminating against any individual based on the individual's national origin or retaliation with respect to hiring, promotion, demotion, terms and conditions of employment, and/or termination. It is also unlawful for an employer to retaliate against any individual because he or she complains of discrimination cooperates with the investigation of a discrimination or harassment charge by Qwest or a government agency, participates as a witness or potential witness in any investigation or legal proceeding, or otherwise exercises his or her rights under the law.

Any employee who is found to have retaliated against any other employee because such employee participated in this lawsuit will be subject to substantial discipline, up to and including immediate discharge.

Should you have any complaints of discrimination, you should contact your supervisor, any upper level management individual or Human Resources. Employees have the right to bring complaints of discrimination, and/or retaliation to the U.S. Equal Employment Opportunity Commission, Seattle Field Office at 909 1st Avenue, Suite 400, Seattle, WA 98104-1061, 206/220-6883, 1-800-699-4000, and/or the Oregon Bureau of Labor and Industries, 1400 Executive Parkway, Ste. 200, Eugene, OR, 97401, 541/686-7623, TTY: (971) 673-0766, www.oregon.gov/boli/. Any Qwest employee may also contact Qwest's "Hotline" at 1-800-.